It is presumable when the legislature contemplated securities upon obligations they had in view the usual way of declaring on such instruments, in which it is never mentioned who is security. It occurs to me, therefore, that the act designed that such proof as is now offered should be received. The declaration not showing who was security, it must be made out by parol proof. But whether the act be constitutional, is a question upon which he took time to consider.
HUMPHREYS, J., thought with POWEL, J., that, agreeably to the intention of the act, evidence ought *Page 337 
to be received to ascertain whether a person is security or not. But in all cases that evidence ought to be clear beyond a doubt, so as to authorize the Court to act, or they would not give judgment in this summary way; in this case the proof is not clear.
It would be with great delicacy he touched a constitutional question of this kind; yet he deemed himself bound to act; he was sworn to support the Constitution and laws. The Constitution was the supreme law of the land, and wherever a law was in direct opposition to the Constitution he was bound to support the latter.
An act may modify, but it never can, destroy the right of trial by jury.[1] Officers may subject themselves to summary process like this without trial by jury, where such an act is in existence at the time of accepting an office, and the method of proceeding relates to the office because they accept of it upon those terms.
Whether the Court can give judgment in this summary mode, or whether a jury may be impanelled now he would give no opinion, as upon the ground of defect of proof the motion could not be sustained.
BARRY then wished to know if he understood the Court to say that he might now have a jury.
[1] 1 Binn. 405.